IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

MAY 17 2019

MITCHELL R. ELFERS
CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Criminal No. 19-595 WJ |
| ) | |
| **LANE MICHAEL REED**, ) | |
| ) | |
| Defendant. ) | |

## PLEA AGREEMENT

Pursuant to Rule 11, Fed. R. Crim. P., the parties notify the Court of the following agreement between the United States Attorney for the District of New Mexico, the Defendant, LANE MICHAEL REED, and the Defendant's counsel, Tim Cornish.

### REPRESENTATION BY COUNSEL

1. The Defendant understands the Defendant's right to be represented by an attorney and is so represented. The Defendant has thoroughly reviewed all aspects of this case with the Defendant's attorney and is fully satisfied with that attorney's legal representation.

### RIGHTS OF THE DEFENDANT

2. The Defendant further understands the Defendant's rights:

    a.    to be prosecuted by indictment;

    b.    to plead not guilty, or having already so pleaded, to persist in that plea;

    c.    to have a trial by jury; and

    d.    at a trial:

        1)    to confront and cross-examine adverse witnesses,

  2)  to be protected from compelled self-incrimination,

  3)  to testify and present evidence on the Defendant's own behalf, and

  4)  to compel the attendance of witnesses for the defense.

## WAIVER OF RIGHTS AND PLEA OF GUILTY

  3.  The Defendant agrees to waive these rights and to plead guilty to an Information charging violation of 18 U.S.C. § 111(a)(1) and (b), that being assaulting and impeding a federal officer or federal employee or a person assisting a federal officer or employee in their official duty.

## SENTENCING

  4.  The Defendant understands that the maximum penalty the Court can impose is:

  a.  imprisonment for a period of not more than 20 years;

  b.  a fine not to exceed the greater of $250,000;

  c.  a mandatory term of supervised release of not less than three (3) years (If the defendant serves a term of imprisonment, is then released on supervised release, and violates the conditions of supervised release, the defendant's supervised release could be revoked--even on the last day of the term--and the defendant could then be returned to another period of incarceration and a new term of supervised release.); and

  d.  a mandatory special penalty assessment of $100.00.

  5.  The parties recognize that the federal sentencing guidelines are advisory, and that the Court is required to consider them in determining the sentence it imposes.

  6.  The United States reserves the right to make known to the United States Pretrial Services and Probation Office and to the Court, for inclusion in the presentence report to be

prepared under Federal Rule of Criminal Procedure 32 any information the United States believes may be helpful to the Court, including but not limited to information about any relevant conduct under U.S.S.G. § 1B1.3.

## ELEMENTS OF THE OFFENSE

7. If this matter proceeded to trial, the Defendant understands that the United States would be required to prove, beyond a reasonable doubt, the following elements for violation of 18 U.S.C. § 111(a)(1) and (b):

*First:*   the defendant forcibly assaulted, resisted, impeded or interfered with a person assisting a federal officer;

*Second:*   the person impeded or interfered with was a federal officer or federal employee or person assisting a federal officer or employee who was then engaged in the performance of their official duty, as charged;

*Third:*   the defendant did such acts intentionally; and

*Fourth:*   in doing such acts, the defendant physically contacted the victim.

## DEFENDANT'S ADMISSION OF FACTS

8. By my signature on this plea agreement, I am acknowledging that I am pleading guilty because I am, in fact, guilty of the offense(s) to which I am pleading guilty. I recognize and accept responsibility for my criminal conduct. Moreover, in pleading guilty, I acknowledge that if I chose to go to trial instead of entering this plea, the United States could prove facts sufficient to establish my guilt of the offense(s) to which I am pleading guilty beyond a reasonable doubt, including any facts alleged in the indictment that increase the statutory

minimum or maximum penalties. I specifically admit the following facts related to the charges against me, and declare under penalty of perjury that all of these facts are true and correct:

    a.    On May 11, 2018, I attacked and assaulted a correctional officer at the Sandoval County Detention Center who at the time was a person engaged in the performance of his official duty.

    b.    At the time, Sandoval County had a contract with the United States Marshal Service to house federl prisoners, and I was a federal prisoner detained pending trial in United States v. Lane Reed, USDC NM No. 1:17-cr-02569-WJ.

    c.    By virtue of Sandoval County's contract with the United States Marshal Service, the correctional officer I attacked and assaulted was a "person" within the meaning of 18 U.S.C. § 111(a) and 18 U.S.C. § 1114, namely, he was a person assisting a federal officer or federal employee engaged in the performance of their official duty.

    d.    Prior to the assault, the correctional officer entered and searched my cell for contraband, while I waited outside. The correctional officer found "hooch," i.e., homemade alcohol in my cell, whereupon I verbally and physically threatened the correctional officer and then hit him in the face, causing him injury.

By signing this agreement, the Defendant admits that there is a factual basis for each element of the crime(s) to which the Defendant is pleading guilty. The Defendant agrees that the Court may rely on any of these facts, as well as facts in the presentence report, to determine the Defendant's sentence, including, but not limited to, the advisory guideline offense level.

## **RECOMMENDATIONS**

9.  Pursuant to Rule 11(c)(1)(B), the United States and the Defendant recommend as follows:

a.  As of the date of this agreement, the Defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the Defendant's criminal conduct. Consequently, pursuant to USSG § 3E1.1(a), so long as the Defendant continues to accept responsibility for the Defendant's criminal conduct, the Defendant is entitled to a reduction of two levels from the base offense level as calculated under the sentencing guidelines, and if applicable, a reduction of an additional offense level pursuant to USSG § 3E1.1(b).

b.  Further, the United States is free to withdraw this recommendation if the Defendant engages in any conduct that is inconsistent with acceptance of responsibility between the date of this agreement and the sentencing hearing. Such conduct would include committing additional crimes, failing to appear in Court as required, and/or failing to obey any conditions of release that the Court may set.

c.  The United States further agrees that it will not recommend a sentence above the low end of the applicable advisory guidelines range.

d.  The United States further agrees that it will recommend that no less than half of any sentence of imprisonment imposed in the instant case be served concurrently with any federal sentence the Defendant currently is serving.

e.  The Defendant understands that the above recommendations are not binding on the Court and that whether the Court accepts these recommendations and stipulations is a

matter solely within the discretion of the Court after it has reviewed the presentence report. Further, the Defendant understands that the Court may choose to vary from the advisory guideline sentence. If the Court does not accept any one or more of the above recommendations and stipulations and reaches an advisory guideline sentence different than expected by the Defendant, or if the Court varies from the advisory guideline range, the Defendant will not seek to withdraw the Defendant's plea of guilty. In other words, regardless of any of the parties' recommendations and stipulations, the Defendant's final sentence is solely within the discretion of the Court.

10. Apart from the recommendations set forth in this plea agreement, the United States and the Defendant reserve their rights to assert any position or argument with respect to the sentence to be imposed, including but not limited to the application of factors in 18 U.S.C. § 3553(a), including the applicability of downward variances from the applicable advisory guidelines range.

11. Regardless of any other provision in this agreement, the United States reserves the right to provide to the United States Pretrial Services and Probation Office and to the Court any information the United States believes may be helpful to the Court, including but not limited to information about the recommendations contained in this agreement and any relevant conduct under USSG § 1B1.3.

## **DEFENDANT'S ADDITIONAL AGREEMENT**

12. The Defendant understands the Defendant's obligation to provide the United States Pretrial Services and Probation Office with truthful, accurate, and complete information.

The Defendant represents that the Defendant has complied with and will continue to comply with this obligation.

13. The Defendant agrees that, upon the Defendant's signing of this plea agreement, the facts that the Defendant has admitted under this plea agreement as set forth above, as well as any facts to which the Defendant admits in open court at the Defendant's plea hearing, shall be admissible against the Defendant under Federal Rule of Evidence 801(d)(2)(A) in any subsequent proceeding, including a criminal trial, and the Defendant expressly waives the Defendant's rights under Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410 with regard to the facts the Defendant admits in conjunction with this plea agreement.

14. The Defendant agrees to forfeit, and hereby forfeits, whatever interest the Defendant may have in any asset derived from or used in the commission of the offense(s) in this case, including all United States firearms and ammunition seized at the time of arrest. The Defendant agrees to cooperate fully in helping the United States (a) to locate and identify any such assets and (b) to the extent possible, to obtain possession and/or ownership of all or part of any such assets. The Defendant further agrees to cooperate fully in helping the United States locate, identify, and obtain possession and/or ownership of any other assets about which the Defendant may have knowledge that were derived from or used in the commission of offenses committed by other persons.

15. The Defendant agrees to waive the right to notice of any forfeiture proceeding involving the above-described property.

16. The Defendant knowingly and voluntarily waives the right to a jury trial on the forfeiture of the above-described property. The Defendant knowingly and voluntarily waives all

constitutional, legal, and equitable defenses to the forfeiture of said property in any proceeding. The Defendant agrees to waive any jeopardy defense or claim of double jeopardy, whether constitutional or statutory, and agrees to waive any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine, to the forfeiture of said property by the United States or any State or its subdivisions.

## WAIVER OF APPEAL RIGHTS

17. The Defendant is aware that 28 U.S.C. § 1291 and 18 U.S.C. § 3742 afford a defendant the right to appeal a conviction and the sentence imposed. Acknowledging that, the Defendant knowingly waives the right to appeal the Defendant's conviction(s) and any sentence, including any fine, at or under the maximum statutory penalty authorized by law. In addition, the Defendant agrees to waive any collateral attack to the Defendant's conviction(s) and any sentence, including any fine, pursuant to 28 U.S.C. §§ 2241, 2255, or any other extraordinary writ, except on the issue of defense counsel's ineffective assistance.

## GOVERNMENT'S ADDITIONAL AGREEMENT

18. Provided that the Defendant fulfills the Defendant's obligations as set out above, the United States agrees that it will not bring additional criminal charges against the Defendant arising out of the facts forming the basis of the present indictment.

19. The United States will dismiss the Indictment following sentencing.

20. This agreement is limited to the United States Attorney's Office for the District of New Mexico and does not bind any other federal, state, or local agencies or prosecuting authorities.

## VOLUNTARY PLEA

21. The Defendant agrees and represents that this plea of guilty is freely and voluntarily made and is not the result of force, threats, or promises (other than the promises set forth in this agreement and any addenda). There have been no promises from anyone as to what sentence the Court will impose. The Defendant also represents that the Defendant is pleading guilty because the Defendant is in fact guilty.

## VIOLATION OF PLEA AGREEMENT

22. The Defendant agrees that if the Defendant violates any provision of this agreement, the United States may declare this agreement null and void, and the Defendant will thereafter be subject to prosecution for any criminal violation, including but not limited to any crime(s) or offense(s) contained in or related to the charges in this case, as well as perjury, false statement, obstruction of justice, and any other crime committed by the Defendant during this prosecution.

## SPECIAL ASSESSMENT

23. At the time of sentencing, the Defendant will tender to the United States District Court, District of New Mexico, 333 Lomas Blvd. NW, Suite 270, Albuquerque, New Mexico 87102, a money order or certified check payable to the order of the United States District Court in the amount of $100.00 in payment of the special penalty assessment described above.

## ENTIRETY OF AGREEMENT

24. This document and any addenda are a complete statement of the agreement in this case and may not be altered unless done so in writing and signed by all parties. This agreement is effective upon signature by the Defendant and an Assistant United States Attorney.

AGREED TO AND SIGNED this 7th day of May, 2019.

JOHN C. ANDERSON
United States Attorney

*Elaine Ramirez*
for GEORGE C. KRAEHE
Assistant United States Attorney
Post Office Box 607
Albuquerque, New Mexico   87102
(505) 346-7274

I have carefully discussed every part of this agreement with my client.  Further, I have fully advised my client of my client's rights, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement.  To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

TIM CORNISH
Attorney for the Defendant

I have carefully discussed every part of this agreement with my attorney.  I understand the terms of this agreement, and I voluntarily agree to those terms.  My attorney has advised me of my rights, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement.

LANE MICHAEL REED
Defendant

10